956 F.2d 269
 139 L.R.R.M. (BNA) 2936
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael GRIMM, Plaintiff-Appellant,
v.
COPPERWELD STEEL COMPANY, Defendant-Appellee.
 No. 91-3657.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Michael Grimm appeals the order of the District Court dismissing his claim that defendant-appellee Copperweld Steel Company terminated his employment in violation of section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. For the following reasons, we AFFIRM.
 
 I.
 
 2
 Plaintiff was hired as a shearer by Copperweld on May 13, 1973, and became a member of the United Steelworkers of America Production and Maintenance Employees, Local No. 2243 (the "Union"). On October 1, 1989, Copperweld and the Union entered into a collective bargaining agreement which covered the terms of plaintiff's employment with Copperweld. The agreement provided that employment shall not be terminated without just cause and gave employees access to a grievance procedure which included binding arbitration.
 
 
 3
 Copperweld discharged plaintiff on October 27, 1989, for excessive absenteeism. Copperweld claimed that plaintiff violated the Absentee Control Program instituted between Copperweld and the Union which provided that an employee could be disciplined if he was absent for more than five percent of his work time over a ninety-day period, subject to medical exceptions.
 
 
 4
 Plaintiff protested his discharge to his Union steward. Under the terms of the collective bargaining agreement, an initial internal hearing was held, and plaintiff's discharge was upheld. Plaintiff's grievance was heard before Arbitrator Harold D. Gales on May 5, 1990. Copperweld argued that plaintiff had been excessively absent under the terms of the Absentee Control Program. Plaintiff contended that his absences did not exceed the maximum number allowed. Arbitrator Gale found that plaintiff had established a pattern of chronic absenteeism, and concluded that plaintiff had been discharged for just cause under the terms of the collective bargaining agreement.
 
 
 5
 On October 24, 1990, plaintiff commenced this action in the District Court. On November 19, 1990, Copperweld filed a motion to dismiss plaintiff's complaint. Copperweld asserted that plaintiff did not state a claim upon which relief could be granted, and noted the limited scope of judicial review of arbitration awards. In his November 20, 1990 response to Copperweld's motion, plaintiff alleged that a mistake had been made throughout his grievance procedure. Plaintiff alleged in his December 17, 1990 amended complaint that the Arbitrator had made a mistake in denying plaintiff's grievance because the state worker's compensation board ordered that he be paid for two of the days which Copperweld had found he was absent without a medical excuse.
 
 
 6
 The District Court noted that when a collective bargaining agreement provides for binding arbitration, a court may not review the arbitrator's decision. The court found that under United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29 (1987), it could not review the arbitrator's factual findings. The court therefore dismissed plaintiff's claim for lack of subject matter jurisdiction.
 
 II.
 
 7
 In Misco, the Supreme Court reaffirmed the principle that courts play only a limited role in reviewing the decision of an arbitrator. "[C]ourts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." 484 U.S. at 36. The federal policy of settling labor disputes through binding arbitration would be undermined if the courts could review the merits of awards. Id. The role of the court is limited to determining whether the party seeking arbitration is making a claim which is governed by the contract. Id. at 37 (quoting United Steelworkers v. American Mfg. Co., 363 U.S. 564, 567 (1960)). When parties have contracted to have disputes settled by an arbitrator, they must accept the arbitrator's view of the facts and interpretation of the contract. Id. at 37-38.
 
 
 8
 Plaintiff's amended complaint disputes that plaintiff was absent on two days that were presented to the Arbitrator as unexcused absences. Plaintiff alleges that he had a medical excuse on these days, September 14 and 15, 1989. As evidence of his medical excuse, plaintiff points to a decision of the worker's compensation board ordering Copperweld to pay plaintiff for those two days. However, this decision was made almost four and one-half months after the Arbitrator's decision, and thus could not have been considered by the Arbitrator. It is clear from the Arbitrator's opinion that he was aware that a medical absence was excusable under the Absentee Control Program. It was within the Arbitrator's authority to determine whether plaintiff's absences on September 14th and 15th should have been excused. The Arbitrator determined that plaintiff's failure to seek medical treatment called into question the validity of these absences and concluded that plaintiff was dismissed for cause. Plaintiff alleges no more than that the Arbitrator's decision was error. Even if this allegation were true, it would not justify the court's reversal of the Arbitrator's decision because of the well-established principle that a factual error by an arbitrator will not be reviewed. Misco, 484 U.S. at 36-38. Accordingly, we agree with the District Court that the Arbitrator's decision cannot be reviewed, and affirm the dismissal of plaintiff's amended complaint.
 
 III.
 
 9
 Copperweld argues that because plaintiff's appeal was frivolous, this Court should award Copperweld its attorney's fees and costs. Federal Rule of Appellate Procedure 38 states: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." An appeal is frivolous "if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." Vic Wetrz Distributing Co. v. Teamsters Local 1038, 898 F.2d 1136, 1143 (6th Cir.1990) (quoting Dallo v. INS, 765 F.2d 581, 589 (6th Cir.1985)).
 
 
 10
 Copperweld's request for attorney's fees and costs is denied.
 
 IV.
 
 11
 Accordingly, the order of the District Court is AFFIRMED.